## CIRCUIT COURT OF LOUDOUN COUNTY

Steven Michael Smith

v.

Luz Maria Smith

September 29, 1995

Case No. (Chancery) 15999

BY JUDGE JAMES H. CHAMBLIN

After two days (July 31, 1995, and August 1, 1995) of a hearing on issues involving grounds of divorce, custody, support, equitable distribution, a guardianship, and other related issues, decrees were entered on August 5, 1995, reflecting the Court's rulings on the contested issues. However, in the "Decree of Divorce" entered August 5, 1995, two issues were continued to September 1, 1995, for further argument and disposition. They are:

(1) Mr. Smith's Motion for Renewal of Petition for Rule to Show Cause against the Loudoun Abused Women's Shelter ("LAWS") and Motion for Sanctions; and

(2) The request of each party for an award of attorneys' fees and costs. Counsel argued each issue on September 1, 1995. The Court has considered the affidavits and the written motions filed by counsel as to the issues. Each issue is addressed below.

### Motion for Renewal of Rule to Show Cause to LAWS and Motion for Sanctions

The Rule requested by Mr. Smith arises out of the failure of LAWS to respond to a subpoena duces tecum issued at his request for the following:

> Any and all records, reports, written statements, telephone message records, disciplinary reports or complaints, or other docu-

ments of any sort relating to Luz Smith, Steve Smith, Steven Marion Smith, and Priscilla Maria Smith from January 1, 1992, through the present date.

The subpoena duces tecum was issued June 30, 1995, and the documents were returnable to the Clerk of this Court on July 10, 1995.

On July 10, 1995, LAWS filed a Motion to Quash the subpoena duces tecum. On July 11, 1995, Mr. Smith filed a sworn petition for a rule to show cause against LAWS for its failure to produce the documents requested. A rule to show cause was entered on July 13, 1995, returnable on July 31, 1995 (the first day of the final hearing).

On July 17, 1995, counsel appeared to argue the Motion to Quash the subpoena duces tecum. Although several grounds are stated in the Motion to Quash, only the argument arising out of 42 U.S.C. § 10604(d) was persuasive. All the other grounds stated in the Motion to Quash were rejected. Ms. Pendzich, representing LAWS as well as Ms. Smith, argued no more than what she stated in her Motion which is as follows:

The most important and operable section in the latter statute (the federal Victim Compensation and Assistance Act) is 42 U.S.C. § 10604(d), which expressly makes the records requested immune from legal process and shall not, without the consent of the person furnishing the information, be admitted as evidence.

At no time did Ms. Pendzich produce a copy of the aforesaid Act or the specific statute. Mr. Lanham did not have a copy. There was no copy available to the Court at the hearing. I expressed the opinion that the statute (42 U.S.C. § 10604(d)), as it was described by Ms. Pendzich, would be a ground to quash the subpoena duces tecum. The Rule entered July 13, 1995, was vacated for another reason described below, but because Mr. Lanham did not have the benefit of the text of the statute, he was granted leave to renew the request for the rule after he had a chance to review the statute.

On July 17, 1995, I did agree with Mr. Lanham's "sworn and shield" argument. Therefore, Ms. Pendzich was advised that if anyone associated with LAWS testifies at the hearing about Ms. Smith or the family as to any area of inquiry in any way related to the documents requested, then the documents would have to be produced. No one from LAWS testified at the hearing.

The Rule was vacated because Ms. Pendzich convinced me that she had not received notice of the request for the Rule and because LAWS did

respond by filing a Motion to Quash, which, as stated above, I felt at that time was well taken. These rulings are formalized in the order entered August 5, 1995.

On July 18, 1995, Mr. Smith filed a motion for renewal of his Petition for a Rule to Show Cause. It was argued on September 1, 1995. Mr. Smith's motion also included a request for sanctions under § 8.01-271.1.

If the lack of notice had been the only reason for vacating the Rule on July 17, 1995, the Rule would have been issued again on that day. It was vacated because I relied on Ms. Pendzich's representations of the provisions of 42 U.S.C. § 10604(d). She did not quote all of the statute in the Motion to Quash or in her oral argument. She argued that the documents requested in the subpoena duces tecum are records immune from legal process under the federal statute. The portion of the statute quoted in the Motion to Quash seemed to support her argument. Knowing that Ms. Pendzich represents LAWS and represents its clients, I felt that she had much more knowledge of and experience with this area of the law than I had. Therefore, I deferred to her knowledge and expertise. Mr. Lanham offered no authority to rebut Ms. Pendzich's argument.

42 U.S.C. § 10604(d) provides:

> *Revealing research or statistical information; prohibition; immunity from legal proceedings; permission; admission of information as evidence.* Except as otherwise provided by Federal law, no officer or employee of the Federal Government, and no recipient of sums under this chapter, shall use or reveal any research or statistical information furnished under this chapter by any person and identifiable to any specific private person for any purpose other than the purpose for which such information was obtained in accordance with this chapter. Such information, and any copy of such information, shall be immune from legal process and shall not, without the consent of the person furnishing such information, be admitted as evidence or used for any purpose in any action, suit, or other judicial, legislative, or administrative proceeding.

This statute clearly makes only "research or statistical information furnished under" the Act immune from legal process and not admissible in evidence. The issue is whether the documents requested in Mr. Smith's subpoena duces tecum are "research or statistical information." For reasons stated below, I do not need to decide this issue. However, for pur-

poses of what is before the Court, there are two significant considerations. First, it is far from clear or certain that the requested documents are immune from legal process or inadmissible in evidence. Second, at no time on July 17, 1995, did Ms. Pendzich ever reveal to the Court that the statute covered only "research and statistical information."

The motion to renew the petition for a rule to show cause against LAWS is denied because I find that Mr. Smith now has no need for the requested documents. He prevailed in this cause on all issues which could have involved the requested documents. Therefore, I do not need to decide whether the requested documents are protected under 42 U.S.C. § 10604(d).

Mr. Smith asks for sanctions under § 8.01-271.1 because of the representations by Ms. Pendzich to the Court concerning 42 U.S.C. § 10604(d). For purposes of potential sanctions, I feel that it is irrelevant whether Ms. Pendzich is right or wrong in her argument that the statute protects the requested documents. What is relevant is that her failure to cite the statute completely to the Court ultimately led to Mr. Lanham having to file the motion to renew the request for the rule. It led to additional time and expense that could have been avoided if Ms. Pendzich had provided to the Court and opposing counsel a complete copy of the relevant statutes. Considering the text of the statutes and the nature of the requested documents, I feel that Ms. Pendzich should have realized that her position was not clear and there would be disagreement over the application of 42 U.S.C. § 10604(d). I would have to speculate as to why she failed to provide a complete copy of the statute on which she relied so heavily. But the essential point is that she did not present a copy of the statute, and she should have known better.

An attorney has an ethical duty to inform a court if he or she knows of legal authority directly adverse to his or her position. *See* DR 7-105 and EC 7-20 of the Code of Professional Responsibility. I agree that an argument can be made that the statute is not "directly adverse" to the position asserted by Ms. Pendzich, and therefore, she had no duty to inform the Court. I cannot find an ethical violation.

On the issue of the imposition of sanctions under § 8.01-271.1, I cannot find a violation by Ms. Pendzich in light of the Supreme Court's decisions that, in my opinion, go to extreme lengths to give an attorney the benefit of the doubt in the application of an objective standard in determining whether the "warranted under existing law" portion of the statute has been violated. Accordingly, I find that the language of 42 U.S.C. § 10604(d)

gives Ms. Pendzich reason to assert the position she did in the Motion to Quash the subpoena duces tecum. Whether I agree with her argument is irrelevant.

Mr. Smith's request for sanctions under § 8.01-271.1 is denied.

### Attorney Fees

The affidavits filed on September 1, 1995, indicate that Mr. Smith has incurred total attorney fees and costs of $16,669.00, Ms. Smith has incurred costs totalling $296.25, and Ms. Pendzich has spent a total of 40.5 hours on behalf of Ms. Smith in this suit. Each party seeks an award of counsel fees and costs.

I see no need to set out here the procedural history of this case. This simple suit to obtain a divorce brought by Mr. Smith grew into complex litigation involving custody, visitation, support, and equitable distribution solely because Ms. Smith, who resides in California, decided to litigate these matters in this suit. Ms. Smith certainly had the right to litigate these issues here even though it would have been much easier for her to have litigated them where she resided with the children. She never contested the divorce. Ms. Smith's claims led Mr. Smith to make certain claims. Her requests for relief led him to make certain claims for relief.

It is equally important to consider that Ms. Smith did not prevail in any of her claims or requests for relief. Her failure to comply with pre-trial discovery orders caused her to be denied relief. However, Mr. Smith is not entitled to an award of counsel fees and costs merely because he ultimately prevailed. The relative economic conditions of the parties must be considered along with all the circumstances of the case.

Mr. Smith argues that Ms. Smith should not be entitled to an award of counsel fees and costs because she never incurred any attorney fees. Ms. Smith qualified for and was provided with legal services by LAWS because her low income met the criteria used by LAWS for providing legal services. Ms. Pendzich's memorandum is a compelling argument for an award of fees and costs to Ms. Smith, a LAWS client, if she were otherwise entitled to an award.

Under § 20-79(b), "counsel fees and other costs" can be awarded "if in the judgment of the court . . . [it] should be so decreed." An award of counsel fees and costs rests in the sound discretion of the trial court.

In deciding on an attorney fee award, the relative economic positions of the parties must be considered along with the course of the litigation and the ultimate results. Neither party has substantial assets or income. I can-

not find that either has the ability to pay even a minimal attorney fee award.

As long as divorce and its related issues are decided in a lawsuit, the general trend in all litigation of more time-consuming complexity is going to apply. Everybody is well aware that litigating domestic issues is expensive. The expense is not directly related to the value of the property involved or the ability of the spouse-parent to pay.

As frustrated as counsel may have become over the course of this suit, I cannot find that either party or counsel did anything that was frivolous or solely for purposes of harassment or to increase the other party's expenses or to prolong the litigation.

Mr. Smith should not be called upon to pay for all or part of Ms. Smith's attorney's time in the case merely because Ms. Smith's economic condition did not give her equal access to the legal system. She should not be given the freedom to litigate, no matter what the outcome may be, at his expense.

Ms. Smith's own actions or inactions in this case caused her not to prevail. Under all the circumstances of this case, her request for an award of counsel fees and costs is denied.

Mr. Smith's request for an award of counsel fees and costs is denied because of the inability of Ms. Smith to pay such an award.